IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DEVIN M. HYMAN,<br><br>Plaintiff,<br><br>v.<br><br>TAMEKA SMITH *et al.*,<br><br>Defendants. | 1:26CV689 |

**ORDER AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983 together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are as follows:

First, the plaintiff states in the Complaint that he did not fully exhaust available administrative remedies. Exhaustion is required before the plaintiff may bring this action. *See* 42 U.S.C. § 1997e; *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The failure to exhaust is clear from the face of the Complaint. *See Custis v. Davis*, 851 F.3d 358, 361-62 (4th Cir. 2017); *Anderson v. XYZ Correctional Health Servs.*, 407 F.3d 674, 681-82 (4th Cir. 2005).

Second, the plaintiff lists three defendants but fails to make any specific allegations as to these persons. He must explain exactly what each named defendant allegedly did that violated his federal constitutional rights.

Third, the plaintiff does not request any proper relief. The defendants are state employees and the Complaint names the defendants only in their official capacities. A suit against state officials in their official capacity is a suit against the State or the official's agency. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Although a state official can be named in his or her official capacity, the Eleventh Amendment to the United States Constitution limits any relief to a prospective injunction to remedy an ongoing violation of federal law. *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010). The present Complaint seeks no such relief, but requests only damages. The plaintiff must include a proper request for relief.

Consequently, the Complaint should be dismissed, but without prejudice to the plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid the plaintiff, the Clerk is instructed to send the plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send the plaintiff § 1983 forms, instructions, an application to

proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

**IT IS RECOMMENDED** that this action be dismissed *sua sponte* without prejudice to the plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 18th day of August, 2026.

JoAnna Gibson McFadden
United States Magistrate Judge